IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL HELLER, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | 3:13-CV-04000-P |
| | § | |
| CITY OF DALLAS, | § | |
| | § | |
| Defendant. | § | |

**SCHEDULING ORDER**
**TRIAL DATE: May 18, 2015 at 9:00 AM**
**PRETRIAL CONFERENCE DATE: May 8, 2015 at 11:00 AM**

The Court, having considered the parties' Report and Discovery Proposal filed on

April 18, 2014 establishes the following schedule for disposition of this case:

1) The **NON-JURY TRIAL** is scheduled on this Court's two-week docket beginning **May 18, 2015 at 9:00 AM.**

2) A Pretrial Conference is scheduled for **May 8, 2015 at 11:00 AM.**

3) Counsel shall comply with Fed. R. Civ. P. 26(a)(1) no later than **April 30, 2014**.

4) Motions for leave to join other parties shall be filed by **August 5, 2014**.

5) Motions for leave to amend pleadings shall be filed by **August 5, 2014**.

6) The party with the burden of proof on a claim shall file a designation of expert witnesses and comply with Fed. R. Civ. P. 26(a)(2) by **October 1, 2014**.

7) Rebuttal designation of expert witnesses and compliance with Fed. R. Civ. P. 26(a)(2) shall be made by **November 3, 2014**;

8) All discovery procedures shall be initiated in time to complete discovery by **January 15, 2015**.

9) Counsel shall confer and file a joint report setting forth the status of settlement negotiations by **Jauanry 29, 2015**.

10) All dispositive motions, including motions for summary judgment on all or some of the claims, Daubert motions, and motions to exclude or objections to expert witnesses, shall be filed by **February 13, 2015**.

11) Counsel shall file by **April 24, 2015**, a **Joint Pretrial Order** containing the information required by Local Rule 16.4 plus the following:

   (a) A list of witnesses who may be called by each party in its case in chief.  Each such witness list shall contain a narrative summary of the testimony to be elicited from each witness, shall state whether the witness has been deposed, and whether the witness' testimony at trial is "probable," "possible," "expert" or "record custodian."  A copy of this list must be furnished to the Court Reporter <u>prior</u> to trial;

   (b) Each party's requested jury instructions (annotated) and interrogatories;

   (c) A report as to settlement negotiations and the status thereof as of the date of the Pretrial Order; and

   (d) Trial briefs may be filed with the Pretrial Order, but are not required unless specifically requested by the Court.

   The Joint Pretrial Order will control all subsequent proceedings in the case.

12) **Exhibits, Exhibit Lists, Witness Lists, Deposition Designations.**  The Parties shall comply with Local Rule 26.2 by **May 6, 2015**.  <u>This includes providing your trial exhibits on CD to the Court's chambers.</u>

   **PLEASE NOTE:**  All exhibits shall be on CD.  Label your CD with the style of the case, the case number, and the Party's name.  The beginning of your CD shall include an Exhibit Index page.  You may use the standard plaintiff/defendant exhibit labels.  Please deliver two CDs to Judge Solis's chambers.

   The Court will not accept original exhibits prior to trial.  Original exhibits are retained by counsel and are admitted into the official record during trial.  It is counsel's duty to care for the original exhibits before and after trial.  At the end of trial, the Court will return the original exhibits to counsel and counsel will sign a Receipt of Exhibits.  The Court will file the Receipt of Exhibits with the District Clerk.  It is counsel's responsibility to forward any exhibits to the Court of Appeals should the case be appealed.  **All questions regarding exhibits are to be directed to the Court Reporter at (214) 753-2349**.

13) Objections to witnesses (except expert witnesses), exhibits, and deposition designations shall be filed by **May 11, 2015**.

Counsel must confer about exhibits and make reasonable efforts to agree on admissibility.

14) **Electronic Courtroom.** Judge Solis's courtroom is equipped with computer monitors at the Judge's bench, counsel tables, and the witness chair. These monitors display an exhibit's image at all locations simultaneously. During trial, counsel may highlight portions of an exhibit, which will be displayed on the monitors. Counsel contemplating use of such equipment during trial should schedule training prior to the trial setting for themselves and/or any assistant(s) who will be operating it. Training is available upon request from the Court Reporter at 214/753-2349. Each training session lasts between thirty minutes and one hour.

**Any requests for extensions of these deadlines will be viewed with disfavor and will be denied, absent a showing of good cause.**

At the pretrial conference, the Court will determine the order in which the cases will on this two-week docket will be tried. Counsel and the Parties shall be ready for trial on 48 hours notice at any time during this two-week period.

SO ORDERED, this 30th day of April, 2014.

*[signature]*

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE