IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL HELLER, MAVIS BELISLE, DEBORAH BELTRAN, GARY STUARD DIANE BAKER, and MAVIS BELISLE, | § § § § | |
| Plaintiffs, | § | Civil Action No. 3:13-CV-04000 |
| v. | § § § | |
| CITY OF DALLAS, | § § | |
| Defendant. | § § | |

### CITY'S NOTICE OF QUESTION OF MOOTNESS

TO THE HONORABLE COURT:

Defendant, the City of Dallas (the "City"), hereby files its notice of question of mootness and would show that it has repealed the ordinance that is the subject of this case.

### I. Status of Challenged Ordinance

On November 12, 2014, the Dallas City Council passed an ordinance to repeal the ordinance challenged by Plaintiffs, and the ordinance became effective upon its publication on November 15, 2014. Dallas, Tex., Ordinance 29543 (Nov. 12, 2014) (Ex. A).

### II. Duty to Notify Courts Regarding Potential Mootness

Both the Supreme Court and the Fifth Circuit have emphasized that parties have a duty to notify the courts when a case or controversy becomes moot. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.23 (1997); *Staley v. Harris Cnty.*, 485 F.3d 305, 313 (5th Cir. 2007). Further, counsel for the parties may not agree to withhold "a change in circumstances bearing on the vitality of a case" from a federal court. *Arizonans for Official English*, 520 U.S. at 68 n.23. (citing *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116 (1920)).

In a First Amendment case, the Fifth Circuit recited the *Arizonans for Official English* standard when a Texas governmental entity "failed to keep the courts updated on the status of renovations" including the removal of the monument at issue "or to suggest mootness" until the court raised the question. *Staley*, 485 F.3d at 313. In a case similar to the case at hand, the Fifth Circuit said: "It goes without saying that disputes concerning repealed legislation are generally moot." *Houston Chronicle Publ'g Co. v. City of League City*, 488 F.3d 613, 619 (5th Cir. 2007). Thus, parties should notify tribunals when repeals of or amendments to ordinances may moot pending legal issues.

### III.  Analysis

The City has adopted an ordinance repealing Dallas City Code section 28-158.1, the ordinance at issue in this case. (Ex A.) This formal change in the City's policy renders Plaintiffs' claims for declaratory and injunctive relief moot. *See Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 325 (5th Cir. 2009) ("[C]ourts are justified in treating a voluntary governmental cessation of possibly wrongful conduct with some solicitude, mooting cases that might have been allowed to proceed had the defendant not been a public entity.").

Respectfully submitted,

WARREN M. S. ERNST
Dallas City Attorney

By: /s/ James B. Pinson
    CHRISTOPHER D. BOWERS
    Texas Bar No. 02731300
    chris.bowers@dallascityhall.com
    Peter B. Haskel
    Texas Bar No. 09198900
    peter.haskel@dallascityhall.com
    CHRISTOPHER J. CASO
    Texas Bar No. 03969230
    chris.caso@dallascityhall.com
    JAMES B. PINSON
    Texas Bar No. 16017700

        james.pinson@dallascityhall.com
        JENNIFER C. WANG
        Assistant City Attorney
        Texas Bar No. 24049537
        jennifer.wang@dallascityhall.com

        Dallas City Attorney's Office
        1500 Marilla Street, Room 7DN
        Dallas, Texas 75201
        Telephone:  (214) 670-3519
        Telecopier:  (214) 670-0622

        ATTORNEYS FOR THE CITY OF DALLAS

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2014, I electronically filed the foregoing document with the Clerk of Court for the United States District Court for the Northern District of Texas using the electronic case filing system of the Court.  Service on all attorneys of record who are Filing Users will be automatically accomplished through Notice of Electronic Filing.

        /s/ James B. Pinson


City of Dallas

| | |
|---|---|
| **STATE OF TEXAS** | § |
| **COUNTY OF DALLAS** | § |
| **CITY OF DALLAS** | § |

I, **BILIERAE JOHNSON,** Assistant City Secretary, of the City of Dallas, Texas, do hereby certify that the attached is a true and correct copy of:

**ORDINANCE NO. 29543**

Which was passed by the Dallas City Council on **November 12, 2014.**

WITNESS MY HAND AND THE SEAL OF THE CITY OF DALLAS, TEXAS, this the **5**th  day of **December, 2014**.

_____
**BILIERAE JOHNSON**
**ASSISTANT CITY SECRETARY**
**CITY OF DALLAS, TEXAS**



Prepared By: PB

**Exhibit A**

OFFICE OF THE CITY SECRETARY   CITY HALL   DALLAS, TEXAS 75201   TELEPHONE 214/670-3738

141972

11/6/14

ORDINANCE NO. 29543

An ordinance amending Chapter 28, "Motor Vehicles and Traffic," of the Dallas City Code by amending Section 28-158.1; deleting the regulations prohibiting the distraction of motorists on designated highways and reserving the section; providing a saving clause; providing a severability clause; and providing an effective date.

BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF DALLAS:

SECTION 1. That Article XIV, "Freeway Regulations," of Chapter 28, "Motor Vehicles and Traffic," of the Dallas City Code is amended to read as follows:

"SEC. 28-158.1.   **RESERVED** [PROHIBITING THE DISTRACTION OF MOTORISTS ON DESIGNATED HIGHWAYS].

[(a)   In this section:

   (1)   DESIGNATED HIGHWAY means any portion of the following highways in the city:

      (A)   Central Expressway.

      (B)   C. F. Hawn Freeway.

      (C)   Dallas North Tollway.

      (D)   Interstate Highway 20.

      (E)   Interstate Highway 30.

      (F)   John W. Carpenter Freeway.

      (G)   Julius Schepps Freeway.

      (H)   Lyndon B. Johnson Freeway.

      (I)   Marvin D. Love Freeway.

      (J)   President George Bush Turnpike.

Repeal Section 28-158.1                                    1

29543   141972

~~(K)   R. L. Thornton Freeway.~~

~~(L)   Spur 408.~~

~~(M)   Stemmons Freeway.~~

~~(N)   U.S. Highway 80.~~

~~(O)   Walton Walker Boulevard.~~

~~(P)   Woodall Rodgers Freeway.~~

~~(2)   PROHIBITED AREA means:~~

~~(A)   that portion of a designated highway between the outer curb lines or lateral lines of the roadway, including but not limited to:~~

~~(i)   a service road; and~~

~~(ii)   a median, divider, shoulder, berm, or strip of land (whether improved or unimproved) that is not intended for pedestrian travel; and~~

~~(B)   any overpass, viaduct, or bridge over a designated highway.~~

~~(3)   SIGN means any display, painting, drawing, banner, placard, device, flag, light, figure, picture, letter, word, message, symbol, plaque, poster, or other thing that is designed, used, or intended to advertise or inform.~~

~~(b)   A person commits an offense if, while within the prohibited area of a designated highway, the person engages in conduct that is intended to distract the attention of motorists in a main travel lane of the highway, including but not limited to:~~

~~(1)   by carrying, holding, waving, displaying, or otherwise drawing attention to a sign; or~~

~~(2)   by wearing any costume, clothing, attire, or accessory intended to attract or seek the attention of the public.~~

~~(c)   A person commits an offense if the person knowingly causes or permits conduct prohibited in Subsection (b) to be performed for his or her benefit by another person.~~

~~(d)   It is a defense to prosecution under Subsections (b) and (c) that:~~

~~(1)   the conduct was not visible to motorists in a main travel lane of the designated highway;~~

Repeal Section 28-158.1                                2

29543    141972

~~(2) the conduct was intended to summon police, fire, medical, or other emergency assistance or warn motorists of an immediate emergency, hazard, or danger;~~

~~(3) the conduct was being performed by a law enforcement officer or an employee or agent of a governmental entity in the performance of official duties;~~

~~(4) the sign used in the conduct was attached to a vehicle travelling on the designated highway; or~~

~~(5) the sign used in the conduct was a directional, warning, or other official sign authorized by city, state, or federal law.~~

~~(e) Before taking any enforcement action under this section, a police officer or code enforcement officer shall ask the apparent offender's reason for engaging in conduct that distracts the attention of motorists that are in a main travel lane of a designated highway. The police officer or code enforcement officer shall not issue a citation or make an arrest under this section unless the officer reasonably believes that an offense has occurred and that, based on any response and other circumstances, no defense in Subsection (d) is present. Before issuing a citation or making an arrest, the police officer or code enforcement officer shall give the person an oral or written warning that:~~

~~(1) requests the person to, within one minute after issuance of the warning:~~

~~(A) cease all conduct distracting the attention of motorists that are in a main travel lane of a designated highway; and~~

~~(B) completely remove from the prohibited area of the designated highway all signs being used as part of the distracting conduct; and~~

~~(2) states that failure to comply with the warning may result in the citation or arrest of the person and the removal by the city of any sign used to distract motorists.~~

~~(f) If a sign is not removed in compliance with a warning issued by a police officer or code enforcement officer under Subsection (e), the city may remove the sign and store it at a secure location. If the sign is not claimed within 60 days after removal, it will be deemed unclaimed or abandoned, and the city may sell, recycle, convert, or dispose of the sign in accordance with city ordinances and policies and any applicable state or federal laws.~~]"

SECTION 2. That Chapter 28 of the Dallas City Code, as amended, will remain in full force and effect, save and except as amended by this ordinance.

SECTION 3. That the terms and provisions of this ordinance are severable and are governed by Section 1-4 of Chapter 1 of the Dallas City Code, as amended.

Repeal Section 28-158.1                                3

29543  141972

SECTION 4. That this ordinance shall take effect immediately from and after its passage and publication in accordance with the provisions of the Charter of the City of Dallas, and it is accordingly so ordained.

APPROVED AS TO FORM:

WARREN M. S. ERNST, City Attorney

By_____
   Assistant City Attorney

Passed   NOV 1 2 2014

141972



# PROOF OF PUBLICATION – LEGAL ADVERTISING

The legal advertisement required for the noted ordinance was published in the Dallas Morning News, the official newspaper of the city, as required by law, and the Dallas City Charter, Chapter XVIII, Section 7.

DATE ADOPTED BY CITY COUNCIL ___NOV 1 2 2014___

ORDINANCE NUMBER  ___29543___

DATE PUBLISHED  ___NOV 1 5 2014___

ATTESTED BY:

*[signature]*